OPINION
Plaintiff-appellant Walter E. Jacks appeals the April 28, 1998 Judgment Entry entered by the Licking Court of Common Pleas, denying his Motion for Court Records. Defendant-appellee is John C. Berryhill.
 STATEMENT OF THE FACTS AND CASE
On September 28, 1995, the Licking County Grand Jury indicted appellant on one count of rape, two counts of sexual battery, and one count of corruption of a minor. The trial court appointed appellee as counsel for appellant. The matter proceeded to trial by jury on November 30, 1995. After hearing all the evidence and deliberations, the jury found appellant guilty of one count of rape and three counts of corruption of a minor. The trial court sentenced appellant to an aggregate term of imprisonment of twelve to twenty-five years. This Court affirmed the convictions and sentences via Opinion and Judgment Entry filed October 31, 1996. On March 24, 1997, appellant filed a complaint in the Licking County Court of Common Pleas, naming appellee as defendant. The complaint alleged violations of appellant's civil rights under42 U.S.C. § 1983. Via Court Order filed June 6, 1997, the trial court scheduled a pretrial conference in the matter. A copy of the order was sent by regular U.S. mail to appellant at the London Correctional Institution, where appellant was incarcerated. The Institution returned the correspondence to the trial court with the notation, "AWL FLA." According to appellant's brief, appellant was extradited to the State of Florida in May, 1997, on charges involving the same victim. Despite the return of the court order to the trial court on June 18, 1997, the trial court conducted the pretrial conference as scheduled. Appellee filed a Motion for Summary Judgment on October 14, 1997. Via Court Order filed October 14, 1997, the trial court scheduled a non-oral hearing on appellee's motion for November 13, 1997. A copy of this court order was sent by regular U.S. mail to appellant at the London Correctional Institution. This order was also returned to the trial court with the notation, "AWL Sarasota, FLA." Via Memorandum of Decision filed November 17, 1997, the trial court granted appellee's motion for summary judgment. A copy of the trial court's decision was sent via regular U.S. mail to appellant at the London Correctional Institution. Once again, the mail was returned to the trial court with the previous notation. The trial court subsequently dismissed the case with prejudice via Judgment Entry filed December 19, 1997. In a correspondence to the Licking County Clerk of Courts dated July 2, 1998, appellant requested "a journal entry on the . . . case to find out if a decision was made on the case." On September 8, 1998, appellant filed a Notice of Appeal to this Court, apparently after being advised of the trial court's dismissal of the action. This Court denied appellant's request for a delayed appeal. Subsequently, on April 1, 1999, appellant filed a Motion for Court Records in the trial court. Via Judgment Entry filed April 28, 1999, the trial court denied appellant's motion. Appellant filed a Motion for Reconsideration on May 12, 1999, which the trial court likewise denied. It is from the trial court's April 28, 1999 Judgment Entry appellant prosecutes this appeal, raising as his sole assignment of error:
 THE TRIAL COURT ERRED IN DENYING PLAINTIFF-APPELLANT'S MOTION'S FOR COURT RECORDS, TO DEFEND DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
 I
Herein, appellant maintains the trial court erred in denying his Motion for Court Records. We disagree. Because the action had already been dismissed and appellant's attempt to pursue a delayed appeal had already been denied, the trial court properly denied appellant's motion. Appellant is attempting to use this appeal from the denial of the Motion for Court Records to collaterally attack the trial court's original judgment. However, this is not the proper mechanism. Appellant failed to timely appeal the original judgment and his attempt to file a delayed appeal has already been denied by this Court. As such, he cannot, in this appeal, raise issues relative to the trial court's granting of appellee's motion for summary judgment. In order to attack the underlying judgment, appellant must file a Civ.R. 60(B) motion. The trial court's denial of appellant's Motion for Court Records neither revives the thirty day time period for filing his appeal from the original judgment nor creates a new thirty day time period for filing such an appeal. Appellant's sole assignment of error is overruled.
The judgment of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, P.J. Farmer, J. and Edwards, J. concur.